# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRED L. JONES,**
        Petitioner,

    v.                                          Case No. 12-CV-01310

**JAMES SCHWOCHERT, Warden,**
**Dodge Correctional Institution,**
        Respondent.

## DECISION AND ORDER

Pro se petitioner Fred L. Jones filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of armed robbery, armed burglary and being a felon in possession of a firearm. He was sentenced to 12 years 6 months imprisonment and 10 years extended supervision and is currently incarcerated at Dodge Correctional Institution. Pursuant to Rule 4, I gave the case prompt initial consideration and concluded that petitioner stated at least one cognizable constitutional claim. Petitioner now moves for leave to proceed in forma pauperis, for the appointment of counsel and for an extension of time to file his brief in support of the petition. The motion for leave to proceed in forma pauperis is moot because petitioner has already paid the $5.00 filing fee required for this action.

Although civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by

standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). In deciding whether to appoint counsel, the court must first determine whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072–73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072. While petitioner has provided sufficient evidence of seeking counsel on his own, the issues in this case appear at this stage to be straightforward. Plaintiff's filings also indicate that he is capable of litigating this case himself. Therefore, at this time, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case.

I will, however, grant the motion for an extension of time to file the brief in support of the petition. Petitioner asks for additional time to complete his brief because his access to the prison law library is limited. Therefore, I will give him an extension until June 3, 2013 to file his brief.

**THEREFORE, IT IS ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket #12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel (Docket #9, 13) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file his brief in support of the petition (Docket #14) is **GRANTED**. Petitioner has until **June 3, 2013** to file his brief. Respondent shall have **forty-five (45) days** following the filing of petitioner's initial brief within which to file a brief in opposition, and petitioner shall have **thirty (30) days** following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: Briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 2nd day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge